FILED
 2014 Apr-11  AM 10:14
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARLOS DEWAYNE CAREY, | ) |
| Petitioner, | ) |
| v. | ) Case No: 2:13-cv-2258-CLS-JEO |
| ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Carlos Dewayne Carey ("Carey"), *pro se*, initiated this action by filing a form for use by federal prisoners to move to vacate, set aside, or correct a federal sentence under 28 U.S.C. § 2255. (*See* Doc. 1). However, because Carey states that he is incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, and he appears to seek relief with respect to a sentence imposed by an Alabama state court, the Clerk classified the action for intake purposes as one seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 3, 2014, the magistrate judge entered a report pursuant to 28 U.S.C. § 636(b) recommending that this action be dismissed without prejudice for want of jurisdiction. (Doc. 6). On January 23, 2014, the clerk docketed a letter from Carey in which he states that he does not object to the magistrate judge's report and recommendation. (Doc. 8). Carey does request,

however, that the court advise him about whom he might contact to furnish information on the alleged criminal activities of other individuals in an effort to obtain a reduction of his state sentence. (Doc. 8). He has also filed a motion in which he makes a "request for [this] court to recommend a[n] investigation of [his] claims and [the] validity of [the] information and to report these claims and [the] availability of information to law enforcement." (Doc. 11).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the findings and recommendation of the magistrate judge, the court is of the opinion that the magistrate judge's report is due to be, and it hereby is, ADOPTED, and his recommendation is ACCEPTED. Accordingly, this action is due to be DISMISSED without prejudice for want of jurisdiction.

Turning to Carey's requests for assistance regarding whom he might contact to furnish information on the alleged criminal activities of other individuals and for the court to recommend to some agency that it conduct an investigation into Carey's information, it will suffice to say that it is neither this court's duty nor its proper place to provide such advice or to make such recommendations.

A separate final judgment will be entered.

DONE this 11th day of April, 2014.

_____
United States District Judge

2